Maria **CALDERON**, Plaintiff,

v.

**PATHMARK STORES, INC.,** Defendant.

**No. 00 CIV.2043(JSR).**

United States District Court, S.D. New York.

June 27, 2000.

Frederic B. Potack, Bronx, NY, for plaintiff.

Thaddeus J. Rozanski, Kral, Clerkin, Redmond, Ryan, Perry & Girvan, New York City, for defendant.

### MEMORANDUM ORDER

RAKOFF, District Judge.

On February 3, 2000, plaintiff commenced this suit in Supreme Court, Bronx County, N.Y., and on February 11, 2000 served a summons with notice on defendant (a foreign corporation authorized to do business in New York) by serving the Secretary of State of the State of New York. Defendant received the summons on February 16, 2000, and removed the action to this Court on March 16, 2000. Plaintiff then moved to remand, but, for the reasons given below, that motion is denied.

■ Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed in the district court within thirty days of receipt by defendant, "through service or otherwise," of the initial pleading. Plaintiff contends that defendant's notice of removal was not timely because it was filed more than thirty days after service of the summons on the Secretary of State. However, where service is made on a statutory agent such as the Secretary of State, a defendant's time to remove runs, not from the date of service on the statutory agent, but from the date on which the defendant receives the notice that such service has been made. As summarized in *Cygielman v. Cunard Line Ltd.,* 890 F.Supp. 305 (S.D.N.Y.1995) at 307: "The heavy weight of authority is to the effect that the time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent .... This makes abundant sense, as the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them."

■ Independently, plaintiff also seeks remand because defendant failed to notify the state court of the removal until April 21, 2000, in alleged violation of 28 U.S.C. § 1446(d), which requires that a party removing a case to federal court "promptly" file a copy of the notice of removal with the state court. *See, e.g., Beleos v. Life and Casualty Insurance Co.,* 161 F.Supp. 627 (E.D.S.C.1956) (remanding for defendant's failure to file a copy of the notice of removal with the state court where the state court, lacking notice of the removal, had in the interim entered default judgment against defendant). However,

where, as here, the delay was relatively short and no action was taken by the state court between the time of actual removal and the time of the requisite notice, the alleged defect is harmless and, not being jurisdictional, creates no basis for remand.

For the foregoing reasons, plaintiff's motion to remand is denied.

SO ORDERED.