**Edna ARNOLD, et al., Plaintiffs,**

v.

**CSX HOTELS, INC. d/b/a The Greenbrier Hotel, a West Virginia corporation, Defendant.**

**No. Civ.A. 5:02–0498.**

United States District Court,
S.D. West Virginia,
at Beckley.

July 30, 2002.

## MEMORANDUM OPINION AND ORDER

FABER, District Judge.

This civil action, filed originally in the Circuit Court of Greenbrier County, West Virginia, was removed to this court by the defendant. The plaintiffs have filed a motion to remand. For the reasons discussed below, the motion to remand is DENIED.

The plaintiffs are retired former employees of the Greenbrier Hotel ("The Greenbrier"). The Greenbrier is owned and operated by the defendant, CSX Hotels, Inc. The plaintiffs contend that, as part of the consideration for working at the Greenbrier, they were promised life insurance equal to twice their annual salaries. Coverage was to continue, at The Greenbrier's expense, during their retirement.

For a time The Greenbrier paid for post-retirement life insurance coverage for some of its retired employees, including the plaintiffs. By letter of October 12, 2001, however, The Greenbrier notified its retired employees that it had done so "through what appears to be a series of administrative oversights." Ambiguously, the letter told the retirees that The Greenbrier had never "approved or provided such benefits" and that benefits would be terminated as of October 31, 2001. The retirees were offered the option of converting to individual policies which would be continued at their own expense.

Plaintiffs' complaint, obviously drafted with a view to avoid federal jurisdiction, contains three counts, each count based on the same factual allegations. Count I alleges that The Greenbrier breached its agreement to provide post-retirement life insurance coverage. Count II charges The Greenbrier with the tort of misrepresentation. Count III maintains that The Greenbrier negligently failed to provide the life

Marvin W. Masters, Charles M. Love, IV, Masters & Taylor, L.C., Charleston, WV, for plaintiffs.

Karl M. Terell, Atlanta, GA, Jeffrey S. Rodgers, Lewisburg, WV, for defendant.

insurance coverage. All three causes of action are based on state law.

The Greenbrier filed a timely removal petition bringing the case to this court. According to The Greenbrier, the life insurance at issue is an employee benefit under ERISA and plaintiffs' sole remedy is a suit under the enforcement provisions of ERISA, 29 U.S.C. § 1132. The Greenbrier theory would convert plaintiffs' action into one arising under federal law, thereby conferring federal question jurisdiction on this court under 28 U.S.C. § 1331.

The Greenbrier's removal petition was filed in this court on May 31, 2002, and a copy was promptly filed in the Circuit Court of Greenbrier County. On May 30, 2002, defendant's counsel mailed a copy of the removal petition with a proper Notice of Removal to plaintiffs' attorneys at 181 Summers Street, Charleston, West Virginia, 25301, their correct address. For some reason, the Notice of Removal was never delivered. Plaintiffs' counsel discovered the case had been removed when they received in the mail a copy of The Greenbrier's Answer on June 7, 2002, and observed that the answer had been filed in federal court. They called the clerk of the district court "out of curiosity" and were told the case had been removed.

Thereafter, plaintiffs filed a timely motion to remand the case to the Circuit Court of Greenbrier County. The defendant's attorneys did not learn that plaintiffs had not received the original Notice of Removal until they received plaintiff's motion to remand. Upon learning of the problem, they promptly mailed another copy to the plaintiffs' counsel. This occurred on July 2, 2002. Apparently, this second mailing was successful.

There are essentially two grounds offered to support remand. First, the plaintiffs contend that there is no federal jurisdiction because they are not participants in

an ERISA plan with regard to the claimed life insurance benefit. Second, they maintain that removal was defective because they were not served with timely notice of removal as required by 28 U.S.C. § 1446.

■ The burden is upon the party seeking to preserve the court's removal jurisdiction (usually the defendant), not the party moving to remand, to show the requirements for removal have been satisfied; the removal statute is to be strictly construed with any doubt to be resolved against removal. *Fox v. General Motors Corp.*, 859 F.Supp. 216 (S.D.W.Va.1994); *ELCO Mechanical Contractors, Inc. v. Builders Supply Association*, 832 F.Supp. 1054 (S.D.W.Va.1993).

28 U.S.C. § 1446(d) requires a removing defendant to give written notice to all adverse parties and to file a copy of the Notice of Removal with the clerk of the state court. At least one federal court has held that actual notice must be given to the adverse party and that an ineffective attempt to give notice by mail is insufficient. See, *Kovell v. Pennsylvania R.R. Co.*, 129 F.Supp. 906 (N.D.Ohio 1954). In that case, the removing defendant had mailed the notice to an address for plaintiff's attorney found in a telephone book— an address which turned out to be incorrect. In striking similarity to this case, plaintiff's attorney discovered the case had been removed when he checked the file in the state court to see if an answer had been filed. The court in *Kovell* found that defendant's attorney had acted diligently and in good faith, but had nevertheless failed to comply with the statute requiring actual notice. The only significant distinction between that case and this is the fact that, in our case, the notice was mailed to a correct address.

A more recent case adopting a different approach is *L & O Partnership No. 2 v. Aetna Casualty & Surety Co.*, 761 F.Supp.

549 (N.D.Ill.1991). In that case, a timely removal petition was filed on November 15, 1990. A certificate of service in the record indicated that notice of the removal was mailed to plaintiff's counsel on the same day. The documents were, however, never received by counsel for Aetna. Aetna received actual notice of the removal when its lawyer was mailed an appearance affidavit by the federal court. Disapproving of *Kovell*, the court adopted a "rule of good faith effort and lack of prejudice." *L & O Partnership No. 2*, 761 F.Supp. at 552. The court said:

> Where defendants make a good faith effort to give notice, and where plaintiffs suffer no prejudice as a result of the failure of that attempt, we think that the requirements of section 1446(d) are sufficiently fulfilled to effect removal. To hold otherwise would hinge the success of removal on the vagaries of the postal service and in-house mailrooms; that approach clearly does not advance the purposes of the removal statutes.

*Id.* See also *Calderon v. Pathmark Stores, Inc.*, 101 F.Supp.2d 246 (S.D.N.Y.2000), holding that where the delay was relatively short and no action was taken by the state court between the time of removal and the giving of notice, the defect was harmless and created no basis for remand.

■ Here, there is no question defendant acted in good faith. A proper notice was mailed to plaintiffs' counsel on the day before the removal petition was filed with the court. The notice was mailed to the correct address. Another copy was mailed to plaintiffs' attorneys as soon as The Greenbrier's lawyers learned the first had not been received. Likewise, there is no prejudice to plaintiffs. Plaintiffs received actual notice of the removal one week after the removal petition was filed. No significant action took place in state court in the interim.* The case is young and there is ample time to develop it in the normal course before trial. The delay of no more than one week has not harmed plaintiffs at all.

Under these circumstances, this court chooses to follow *L & O Partnership No. 2 v. Aetna Casualty & Surety Co., supra*, and hold the removal to be procedurally effective. A more significant issue is whether there is federal question jurisdiction, an issue to which we now turn.

It has long been held that, if a complaint asserts only state law causes of action, the defendant may not base federal question removal jurisdiction on the anticipation of a federal defense. The court, under this rule, may not look beyond the specific allegations of the complaint to determine whether the case presents an issue of federal law. See, *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), and *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

Like so many general rules, however, this one has an exception. In *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the Supreme Court held that the complete preemption doctrine is an independent corollary to the well-pleaded complaint rule of *Gully* and *Mottley*. Under that corollary, when a federal cause of action completely preempts a state cause of action set out in a complaint, that complaint becomes one necessarily arising under federal law. Af-

---

* *LaMaina v. Brannon*, 804 F.Supp. 607 (D.N.J. 1992), is a case in which actual prejudice accrued to plaintiff as a result of defendants' failure to give timely notice of removal. Plaintiff prepared for, and attended, a hearing in state court between the time the removal petition was filed and notice was given, and obtained a favorable ruling from the state court at that hearing.

ter *Franchise Tax*, the Supreme Court had occasion to deal with the issue of ERISA preemption in the context of a removed case. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In *Metropolitan Life*, the court held that common law causes of action filed in state court which were preempted by ERISA and fell within the statute establishing exclusive federal jurisdiction over suits by beneficiaries to recover benefits from a covered plan, were removable to federal court, even though the defense of ERISA preemption was nowhere to be seen on the face of the complaint.

As one would expect, our court of appeals has followed suit. Most recently, that court held that when a complaint contains claims that fit within the scope of ERISA's civil enforcement provision, those state claims are converted into federal claims and the action may be removed. *See Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181 (4th Cir.2002).

■ Here, plaintiffs' state law causes of action are all based upon the premise that The Greenbrier, as part of the inducement to plaintiffs to work for the hotel, promised to provide life insurance benefits and then reneged on the promise. The definition of an employee benefit plan under ERISA includes (among other things) any plan, fund or program for the purpose of providing death benefits through the purchase of insurance. *See* 29 U.S.C. § 1002(1). In *Coleman v. Nationwide Life Insurance Co.*, 969 F.2d 54 (4th Cir.1992), our court of appeals held that a life insurance policy was a "plan" under ERISA. Furthermore, ERISA does not require a formal, written plan. In *Madonia v. Blue Cross & Blue Shield of Virginia*, 11 F.3d 444 (4th Cir.1993), the court held that a plan under ERISA is established if a reasonable person can ascertain the intended benefits, the·beneficiaries, the source of financing

and procedures for receiving benefits. The promised life insurance claimed by plaintiffs in the instant case clearly meets these requirements. The benefit is a payment on death equal to twice the annual salary; the class of beneficiaries consists of retired Greenbrier employees; the premiums are to be paid by The Greenbrier; and the procedure for receiving benefits is, presumably, the filing of a claim with the carrier upon death of the insured. Accordingly, if, as plaintiffs claim, there was a promise by The Greenbrier to provide life insurance, that promise was a "plan, fund or program" within the meaning of 29 U.S.C. § 1002(1).

Since plaintiffs' state law claims fit within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), those claims are, under the authorities discussed above, properly removable to federal court.

Plaintiffs rely on *Gardner v. E.I. DuPont De Nemours & Co., Inc.*, 165 F.3d 18, 1998 WL 743669 (4th Cir.1998) (unpublished), which they believe to be factually similar to the case at bar. But plaintiffs' faith in *Gardner* is misplaced. First, the opinion was not published and, as a consequence, is of questionable precedential value. *See* Local Rules and Internal Operating Procedures of the United States Court of Appeals for the Fourth Circuit, Rule 36(c). More importantly, this court perceives a significant factual distinction between *Gardner* and this case. The facts of *Gardner* are found in the opinion of the district court. *See Gardner v. E.I. DuPont de Nemours & Co., Inc.*, 978 F.Supp. 667 (S.D.W.Va.1997), *vacated*, 165 F.3d 18, 1998 WL 743669 (4th Cir.1998). The deceased husband of the plaintiff had retired on disability from DuPont. During the decedent's employment, DuPont had provided him with life insurance which, under the express terms of DuPont's employee benefit plan, could not be continued after

he retired.  DuPont had, however, mistak-
enly deducted premiums for the life insur-
ance from Gardner's disability checks after
he retired.  Gardner's widow sued in state
court for the value of the death benefit.
DuPont removed the case to federal court
on the theory that the suit involved an
ERISA plan benefit and ERISA preemp-
tion conferred federal question jurisdic-
tion. The district court agreed and dis-
missed the plaintiff's state law claims.
The court of appeals took a different view
and held there was no federal jurisdiction.
The appeals court reasoned that, since the
parties agreed the post-retirement life in-
surance benefit was not included in Du-
Pont's employee benefit plan, ERISA was
not implicated.  The appeals court vacated
the lower court ruling and resurrected
plaintiff's state law claims.

The situation in our case is quite differ-
ent.  Far from agreeing that the life insur-
ance benefit was never part of their em-
ployee benefit plan, as the parties had
done in *Gardner*, the plaintiffs here insist
that just the opposite is true; they main-
tain that The Greenbrier promised them
post-retirement life insurance as part of
the inducement to work for The Greenbri-
er.  If The Greenbrier did in fact make
such a promise as part of the consideration
for obtaining plaintiffs' services, the prom-
ised life insurance is, under the authorities
discussed above, an employee benefit
which is subject to ERISA.

In conclusion, the court holds that plain-
tiffs' action is one to recover a benefit
under ERISA.  As such, the exclusive en-
forcement provisions of ERISA provide
plaintiffs' sole remedy completely
preempting their state law claims.  Once
their claim is transmogrified into one un-
der ERISA, federal question jurisdiction is
present.  Moreover, the court finds that
defendant acted in good faith in removing
this action and that the delay in giving
notice of removal to plaintiffs caused them

no prejudice.  Accordingly, the motion to
remand is DENIED.

The Clerk is directed to mail a copy of
this Memorandum Opinion and Order to
counsel of record and to post a copy on the
district web site.