**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1115**

---

EDNA ARNOLD; EDWIN BENNETT; PEARLE BURGER;
PEGGY CLEMENTS; CHARLOTTE CLENDENIN; ARMILDA
COLEMAN; EDDIE COLEMAN; JACK DEAVER; WALTER
DINWIDDIE; LENWOOD EVANS; LEE FLACK; GAIL
HAUSER; MARGARET HEFNER; JAMES HILTON; CECIL
HUMPHREY; PEARL HONAKER; IRETA JOHNSON; URMA
JUSTICE; NELLIE KELLY; HELEN LEWIS; JUANITA
LONG; BETTY MAUPIN; JOSEPHINE MCCLUNG; SOPHIA
MCCLUNG; JOHNNY MCCOY; NELSENE MCMILLION;
DOROTHY MILLER; JAMES MORGAN; LAVENA MORGAN;
MERLE MORGAN; MARGARET NEVILLE; WILLIAM
NICELY; CARL SELDOMRIDGE; DIXIE SHIRES; JOHN
SWANN; JANE TOMLINSON; EVELYN VESS; LOIS
WILLIS; DORTHA WINGLER; DELORES WYLIE; LETA
YATES,

                                    Plaintiffs - Appellants,

          versus

CSX HOTELS, INCORPORATED, d/b/a The Greenbrier
Hotel, a West Virginia Corporation,

                                    Defendant - Appellee.

---

Appeal from the United States District Court for the Southern
District of West Virginia at Beckley.  David A. Faber, Chief
District Judge.  (CA-02-498-5)

---

Argued:  September 29, 2004          Decided:  October 29, 2004

---

Before MICHAEL and MOTZ, Circuit Judges, and Roger W. TITUS, United
States District Judge for the District of Maryland, sitting by
designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:**  Charles Marion Love, IV, MASTERS & TAYLOR, Charleston, West Virginia, for Appellants.  Karl Montague Terrell, SHEA, STOKES & CARTER, A.L.C., Atlanta, Georgia, for Appellee.  **ON BRIEF:** Marvin W. Master, MASTERS & TAYLOR, Charleston, West Virginia, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edna Arnold and forty other plaintiffs (together, "the plaintiffs"), all former employees of CSX Hotels, Inc., d/b/a The Greenbrier Hotel (The Greenbrier) sued The Greenbrier in West Virginia state court. The plaintiffs allege, among other things, that The Greenbrier broke its promise to provide them with post-retirement life insurance coverage. The Greenbrier removed the action to federal court on the ground that the plaintiffs' claims are completely preempted by the Employee Retirement Security Income Act of 1974 (ERISA). The district court concluded that the action was removable and denied the plaintiffs' motion to remand. Later, the district court granted summary judgment to The Greenbrier on the ground that The Greenbrier had not waived its right to terminate the life insurance benefits. We affirm the order denying the plaintiffs' motion to remand and the order awarding summary judgment to The Greenbrier.

I.

As early as 1958 The Greenbrier, through group policies, was providing life insurance coverage for both its active and retired employees. By 1993 the hotel had officially terminated this coverage for its retired employees. Nevertheless, some retired employees continued to receive life insurance benefits after 1993 due to an "administrative oversight." J.A. 73. In 2001 the hotel realized its mistake and terminated the life insurance

3

coverage for the retired employees who had been provided coverage as a result of the oversight. The forty-one plaintiffs are all retired Greenbrier employees whose life insurance coverage was terminated by the hotel in 2001. The plaintiffs filed this action in West Virginia state court, asserting state law causes of action for breach of contract, negligence, and misrepresentation based on The Greenbrier's failure to honor its alleged promise to provide post-retirement life insurance coverage. The Greenbrier promptly removed the case to the United States District Court for the Southern District of West Virginia on the ground that the plaintiffs' claims are completely preempted by ERISA.

II.

A.

Once the case was removed, the plaintiffs moved to remand, asserting lack of removal jurisdiction. The plaintiffs argued that ERISA does not completely preempt their state law claims because there is no ERISA plan with respect to the post-retirement life insurance benefit. The district court concluded that "if, as plaintiffs claim, there was a promise by The Greenbrier to provide life insurance," there is an ERISA plan. Arnold v. CSX Hotels, Inc., 212 F. Supp. 2d 634, 638 (S.D.W.Va. 2002). A plan could be established, the court said, because a reasonable person can ascertain (1) the intended benefit (a payment on death equal to twice the annual salary), (2) the beneficiaries

4

(retired Greenbrier employees), (3) the source of financing (premiums paid by The Greenbrier), and (4) the procedures for receiving benefits (filing a claim with the carrier). See id. (citing Madonia v. Blue Cross & Blue Shield of Virginia, 11 F.3d 444 (4th Cir. 1993)). Because an ERISA plan can be established, the plaintiffs' claims fall within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). Accordingly, the district court held, the claims are completely preempted and removal is appropriate. Id. (citing Darcangelo v. Verizon Communications, Inc., 292 F.3d 181 (4th Cir. 2002)).

B.

After the plaintiffs' motion to remand was denied, The Greenbrier moved for summary judgment. The Greenbrier argued that the life insurance benefits are part of an employee welfare benefit plan and that the hotel reserved the right to amend the plan. The district court concluded that "[t]he undisputed facts establish that the [life insurance] benefit claimed by the plaintiffs meets the definition of an employee welfare benefit plan." J.A. 912. ERISA, the court noted, "expressly exempts [such a] plan[] from its vesting requirements." J.A. 907 (citing 29 U.S.C. § 1051(1) and Gable v. Sweetheart Cup Co., 35 F.3d 851 (4th Cir. 1994). After concluding that "The Greenbrier did not waive its right to modify or terminate the life insurance benefits at issue and did not expressly undertake to provide the plaintiffs with vested, lifetime

5

benefits," J.A. 912, the district court awarded summary judgment to The Greenbrier.

C.

The plaintiffs appeal the district court's order denying their motion to remand this action to state court and the court's order awarding summary judgment to The Greenbrier. After considering the briefs, the joint appendix, and the arguments of counsel, we affirm on the reasoning of the district court. See Arnold v. CSX Hotels, Inc., 212 F. Supp. 2d 634 (S.D.W.Va. 2002) (mem. op. and order denying motion to remand); Arnold v. CSX Hotels, Inc., No. 5:02-0498 (S.D.W.Va. Dec. 22, 2003) (mem. op. and order awarding summary judgment).

AFFIRMED